**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| PATRECIA EILEEN WATKINS,   § | | |
| PETITIONER,   § | | |
| § | | |
| v.   § | | Civil Action No. 4:05-CV-0444-A |
| § | | |
| DOUGLAS DRETKE, DIRECTOR,   § | | |
| TEXAS DEPARTMENT OF CRIMINAL   § | | |
| JUSTICE, CORRECTIONAL INSTITUTIONS   § | | |
| DIVISION,   § | | |
| RESPONDENT.   § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I.   FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Patrecia Eileen Watkins, TDCJ-ID #744382, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  **FACTUAL AND PROCEDURAL HISTORY**

In February 1996, Watkins was convicted in state court of three counts of aggravated sexual assault of a child younger than fourteen years of age and sentenced to life imprisonment. (Transcript at 99.) Watkins's conviction was affirmed by the Second District Court of Appeals of Texas, and, on October 29, 1997, the Texas Court of Criminal Appeals refused her petition for discretionary review. *Watkins v. Texas*, 946 S.W.2d 594 (Tex. App.–Fort Worth 1997, pet. ref'd). Watkins did not seek writ of certiorari. (Petition at 3.) On November 15, 2004, Watkins filed a state habeas application raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on June 22, 2005. *Ex parte Watkins*, Application No. 60,962-01. Watkins filed this petition on July 7, 2005.[1]

D.  **ISSUES**

Watkins raises five grounds challenging her 1996 conviction. (Petition at 7-8.)

E.  **STATUTE OF LIMITATIONS**

Dretke believes that Watkins's petition is barred by the federal one-year statute of limitations. (Resp't Preliminary Resp. at 1-3.) Title 28 U.S.C. § 2244 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Watkins's conviction became final upon expiration of the time that Watkins had for seeking certiorari in the United States Supreme Court on January 27, 1998, and closed on January 27, 1999, absent any applicable tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Watkins asserts that she did not timely file her federal petition for three reasons: (1) the Gatesville Unit has only one law library on the second floor, which is difficult for her to access due to a medical condition; (2) her attorney, who represented Watkins at trial and on direct review, did not tell her about the limitations period; and (3) she first learned of the basis of her jurisdictional

3

claim(s) on August 18, 2005. (Pet'r Response to Resp't Preliminary Resp.) Dretke has presented evidence, however, refuting Watkins's first assertion, and mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify tolling as a matter of equity.[2] (Resp't Response to Sept. 12, 2005 order.) *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Finally, the factual basis of Watson's jurisdictional claims(s) could have been discovered at or near the time of her trial with due diligence; thus, Watson may not avail herself of § 2244(d)(1)(D) for purposes of calculating the limitations period.

Watkins's petition was due on or before January 27, 1999. Therefore, her petition filed on July 7, 2005, is untimely.

## II. RECOMMENDATION

Watkins's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[2]This case does not warrant application of the doctrine of equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him or her from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in an extraordinary way from asserting his or her rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 30, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 30, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 9, 2005.

                                                 /s/   Charles Bleil
                                                CHARLES BLEIL
                                                UNITED STATES MAGISTRATE JUDGE