

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 2 9 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PATRECIA EILEEN WATKINS,      §
                             §
            Petitioner,       §
                             §
VS.                           §    NO. 4:05-CV-444-A
                             §
DOUGLAS DRETKE, DIRECTOR,     §
TEXAS DEPARTMENT OF CRIMINAL  §
JUSTICE, CORRECTIONAL         §
INSTITUTIONS DIVISION,        §
                             §
            Respondent.       §

O R D E R

Came on for consideration the above-captioned action wherein
Patrecia Eileen Watkins is petitioner and Douglas Dretke,
Director, Texas Department of Criminal Justice, Correctional
Institutions Division, is respondent. This is a petition for writ
of habeas corpus filed pursuant to 28 U.S.C. § 2254. On
September 1, 2005, the United States Magistrate Judge issued his
proposed findings, conclusions, and recommendation, and ordered
that the parties file objections, if any, thereto by December 30,
2005. On December 27, 2005, petitioner filed her written
objections. Respondent has not made any further response.

I.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the
Federal Rules of Civil Procedure, the court makes a de novo
determination of those portions of the proposed findings or
recommendations to which specific objection is made. United
States v. Raddatz, 447 U.S. 667 (1980). The court is not
addressing any nonspecific objections or any frivolous or

conclusory objections.  <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

In her objections, petitioner specifically contends that equitable tolling of the one-year time-limit in 28 U.S.C. § 2244(d) is appropriate.  The bulk of petitioner's three-page objection is simply a reiteration of her claims made before the magistrate judge; namely, that her petition merits equitable tolling because (1) her medical condition precluded her from gaining access to the prison law library for nearly five years, and (2) her attorney failed to inform her of the limitations period applicable to federal petitions for writs of habeas corpus.[1]

## II.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights."  <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). A showing of excusable neglect is not enough--the applicant must prove she diligently pursued her § 2254 relief in order to invoke the doctrine.  <u>Melancon v. Kaylo</u>, 259 F.3d 401, 408 (5th Cir.

---

[1] Petitioner also attempts to object based on the "Newly Discovered Evidence" doctrine.  <u>See</u> Pet'r Objections at 3. Essentially, petitioner contends that she is entitled to equitable relief because once she learned of the statute of limitations she promptly filed this petition.  Because diligence on the part of any petitioner is a critical element of all equitable tolling inquiries, <u>Melancon v. Kaylo</u>, 259 F.3d 401, 408 (5th Cir. 2001), the court is not specifically addressing that objection; rather, petitioner's claims of diligence will be considered contemporaneously with the inquiry as a whole.

2001).  Neither of petitioner's proffers indicate the presence of rare and exceptional circumstances that would merit equitable tolling.

First, petitioner attempts to show that her medical condition precluded her from gaining entry to her prison library until after the one-year time limit had already run.[2]  As an attempt to justify her ignorance of applicable law, this objection is without merit.  Cf. Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000) (holding that ignorance of habeas requirements due to the inadequacies of a prison library did not justify equitable tolling of statute of limitations).  And to the extent that petitioner attempts to argue she was physically unable to pursue her legal rights, the court is unconvinced.  Indeed, in the right circumstances a physical malady might call for equitable tolling.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Petitioner's circumstances  do not raise those concerns.   While the court is sympathetic to the pain associated petitioner's physical aliments, it is unconvinced that these health problems rendered her wholly unable to pursue her legal rights during the entire one-year time period.

Second, petitioner's proffer of attorney neglect as a basis for equitable tolling is a non-sequitur because "mere attorney error or neglect is not an extraordinary circumstance such that

---

[2]Specifically, petitioner states that "she has had five knee surgeries since 1995," Pet'r Objections at 3, that apparently prevented her from walking the stairs to where the prison library was situated.

equitable tolling is justified." <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002). More to the point, there is nothing in petitioner's objections that would support a conclusion that anything her counsel said would have encouraged her not to diligently pursue post-conviction relief. <u>See</u> <u>Vineyard v. Dretke</u>, 125 Fed.Appx. 551 (5th Cir. 2005). And to the extent that any putative action on the part of petitioner's attorney may have affected the timeliness of this petition, the court concludes that petitioner could have easily learned of § 2244(d)(1) had she been diligently pursuing his rights.

### III.

For the reasons stated herein,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED December 29, 2005.

JOHN McBRYDE
United States District Judge

4